UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 104.187.188.63,<br><br>Defendant. | Case No.  5:23-cv-04931-EJD<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Application"). *Ex Parte* Application ("Application"), ECF No. 8. Plaintiff asserts claims of copyright infringement against Defendant John Doe Subscriber Assigned UP Address 104.187.188.63. Compl., ECF No. 1. Plaintiff claims to have identified the Internet Protocol ("IP") address of the allegedly infringing Defendant, and seeks permission to take limited, expedited discovery to obtain the name and contact information of the individual associated with the address. Application 1. Plaintiff requests the Court allow it to serve a subpoena on Defendant's Internet Service Provider ("ISP") AT&T Internet ("AT&T") to obtain information identifying Defendant so that it can complete service of process. For the reasons stated below, the Court finds that Plaintiff has met its burden to show good cause and **GRANTS** Plaintiff's Application.

I.    BACKGROUND

Plaintiff is the owner of motion pictures featured on its brand's subscription-based adult websites. Compl. ¶ 2–3. Plaintiff alleges that Defendant has been stealing these motion pictures

Case No.: 5:23-cv-04931-EJD
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY

1

1   on a grand scale by using BitTorrent to download the motion pictures and distribute them to
2   others. *Id.* ¶ 4. Plaintiff has allegedly recorded Defendant infringing 53 movies over an extended
3   period. *Id.* Because Defendant has downloaded the motion pictures anonymously, Plaintiff
4   currently can only identify Defendant by their IP address, 104.187.188.63. *Id.* ¶ 13. Plaintiff
5   states that Defendant's name and address can be provided by Defendant's ISP, AT&T. *Id.*
6   Plaintiff therefore requests that, pursuant to Federal Rules of Civil Procedure 26(d), the Court
7   grant it leave to serve a limited, immediate Rule 45 third-party subpoena on AT&T so that
8   Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement,
9   and effectuate service.

## II.     LEGAL STANDARD

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1–65*, No. C 10–4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct.15, 2010). When the identities of defendants are not known before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).

**III.   DISCUSSION**

The Court finds that Plaintiff has shown good cause to engage in early discovery to identify Defendant under each of the four factors listed above.

First, Plaintiff has identified Defendant with sufficient specificity by submitting Defendant's IP address on the day Plaintiff alleges Defendant engaged in the infringing conduct. *See* Ex. 1, ECF No. 8-1 at 32.

Second, Plaintiff has adequately described the steps taken to locate and identify Defendant. Specifically, Plaintiff searched Defendant's IP address on various web search tools; reviewed legislative reports, agency websites, informational technology guides, and governing case law; and discussed the issue with computer investigators and cyber security consultants. Application 10. These steps are outlined in greater detail in various declarations attached to Plaintiff's Application. Ex. A–D, ECF No. 8-1.

Third, Plaintiff has pled the essential elements to state a claim for copyright infringement against Defendant. *See* Compl. ¶¶ 48–53.

Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow Plaintiff to effect service on Defendant. Specifically, Plaintiff requests that AT&T provide Plaintiff with the true name and address of the Defendant to whom AT&T assigned an IP address. Application 2.

Taken together, the Court finds that the foregoing factors demonstrate good cause to grant Plaintiff leave to conduct early discovery to identify Defendant. *See Semitool, Inc. v. Tokyo Elctron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). Further, the Court finds that early discovery furthers the interest of justice and poses little inconvenience to the subpoena recipient. Permitting Plaintiff to engaged in this limited, early discovery is therefore consistent with Rule 26(d).

**IV.   CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's *Ex Parte* Motion for

Case No.: 5:23-cv-04931-EJD
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY

3

Expedited Discovery as follows:

1) IT IS HEREBY ORDERED that Plaintiff immediately serve a Rule 45 subpoena on AT&T to obtain information to identify Defendant, including the name, address, telephone number, and email address. The subpoena shall have a copy of this Order attached.

2) IT IS FURTHER ORDERED that the AT&T will have 30 days from the date of service upon it to service the subscriber of the IP address with a copy of the subpoena and a copy of this Order. AT&T may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3) IT IS FURTHER ORDERED that subscriber shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena (including motion to quash or modify the subpoena). If that 30–day period lapses without the subscriber contesting the subpoena, the AT&T shall have 10 days to produce the information responsive to the subpoena to Plaintiff.

4) IT IS FURTHER ORDERED that AT&T shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5) IT IS FURTHER ORDERED that AT&T shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If AT&T elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by AT&T.

6) IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

**IT IS SO ORDERED.**

Dated: October 19, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-04931-EJD
ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO TAKE LIMITED DISCOVERY

4